# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| STEPHEN HUGUELEY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-00598 |
| v. | ) | JUDGE TRAUGER |
| | ) | |
| TONY PARKER, et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

The plaintiff, an inmate on death row at Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a complaint in which he seeks redress from several state officers and employees in their individual and official capacities for alleged violations of his civil rights. (Doc. No. 1.) Accordingly, the complaint is subject to the screening required by 28 U.S.C. § 1915A, which requires the court to dismiss the complaint or any portion of it if it is "frivolous, malicious, or fails to state a claim" or seeks money damages from a defendant who is immune from such a demand. § 1915A(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners."), *abrogated on other grounds in Jones v. Bock*, 549 U.S. 199 (2007).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional

rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that the defendants have caused him to be held in solitary confinement for 17 years without rational justification or any meaningful process or review. He alleges that his prolonged segregation in the most restrictive state of solitary confinement, combined with the specific conditions of that confinement, have caused him to suffer substantial and serious harm to his mental and physical health and that the defendants are subjectively aware of, and deliberately indifferent to, his serious medical and psychological needs. The plaintiff claims that the circumstances alleged amount to violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. He seeks injunctive relief as well as unspecified money damages.

An inmate states a claim for violation of the Eighth Amendment by alleging conditions of confinement that "involve the wanton and unnecessary infliction of pain" or "pain without any penological purpose," or conditions that "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prisoners may also state an Eighth Amendment claim by alleging that prison officials have been deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). And finally, an inmate's treatment gives rise to a constitutional right to due process under the Fourteenth

Amendment when it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Taking the plaintiff's allegations as true for the purpose of this screening, the court finds that he has stated plausible claims for relief under all three standards. *See*, *e.g.*, *DuPonte v. Wall*, 288 F. Supp. 3d 504, 513 (D.R.I. 2018) (observing the known "profound impact that solitary confinement can have on an individual's mental and physical health" and concluding that inmate stated conditions-of-confinement, deliberate indifference, and due process claims in connection with his year-long segregation).

However, the plaintiff has not alleged any facts establishing that Commissioner Tony Parker is personally involved in the plaintiff's solitary segregation. Although Defendant Parker is the Commissioner of the Tennessee Department of Correction, supervisors cannot be held liable under Section 1983 for acts or inactions of subordinate employees, absent allegations that the supervisor acquiesced in, participated in, or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability."). Unlike Defendant Mays and Defendant Keys, Defendant Parker's title, name, or signature do not appear on any of the monthly reviews of the plaintiff's confinement status (*see* Doc. No. 1-2), and the plaintiff has not alleged that Parker was involved in those reviews. The plaintiff alleges that he has submitted grievances and letters to "the Defendants" (Doc. No. 1 at 10), but even assuming that Defendant Parker personally received any of those submissions, an alleged failure to take corrective action in response to an inmate grievance or complaint would not supply the necessary personal involvement for Section 1983 liability on any underlying claim. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does

3

not cause or contribute to the [constitutional] violation[.]"). Accordingly, Defendant Parker is **DISMISSED** from this action. Any injunctive relief available to the plaintiff will still be available from the remaining defendants in their official capacities.

Similarly, the plaintiff has not alleged that the named defendants are personally involved in or control any decisions about the plaintiff's healthcare. Therefore, to the extent that the plaintiff intended to raise an Eighth Amendment claim for deliberate indifference to serious medical needs based on the allegedly deficient medical or psychiatric treatment he has received, that discrete claim is **DISMISSED.**

These dismissals are without prejudice to the plaintiff's ability to reassert the dismissed claims as appropriate upon further factual development. Any claims for money damages against the defendants in their official capacities are **DISMISSED** on the ground of Eleventh Amendment immunity, but such claims for injunctive relief may proceed. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989).

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915A, nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

ENTER this 16th day of August 2019.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE