# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN HUGUELEY, | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00598 |
| v. | ) JUDGE TRAUGER |
| | ) |
| TONY PARKER, et al., | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's motion to compel discovery (Doc. No. 34), which the defendants oppose. (Doc. No. 40.) In conjunction with their opposition to the motion to compel, the defendants also move the court to stay discovery in this case "pending resolution of PLRA grievance exhaustion issue," which is the basis for their pending motion for summary judgment. (Doc. Nos. 31, 40.) The plaintiff has filed a combination reply in support of his motion to compel and response to the defendants' motion to stay (Doc. No. 45), and the court considers both matters fully briefed.

The Prison Litigation Reform Act (PLRA) provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Failure to exhaust available remedies is dispositive in prisoner civil rights cases without regard to their underlying merit: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). There are circumstances, however, under which administrative remedies are not "available" to an inmate, which can complicate the question of whether Section 1997e requires dismissal. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

The exhaustion issue is clearly contested in this case, and thorough briefing by both sides will be necessary to its resolution in the context of the defendants' motion for summary judgment.

Meanwhile, the parties' discovery dispute is complicated by a disagreement about the scope of the records being sought (*compare* Doc. No. 40 at 7 (defendants' assertion that the plaintiff's request involves comprehensive records for 297 inmates), *with* Doc. No. 41 at 20 (plaintiff's assertion that he seeks more limited records for 108 inmates)) and the potentially significant cost associated with the production of the records (*see* Doc. No. 34-1 at 9 (reflecting that total cost to respond to the request in dispute will approximate $6,000)), in addition to the parties' basic dispute about whether the records are even relevant to this lawsuit. In addition to the written discovery, the defendants state that the plaintiff has noticed nine depositions for February, which would take place before the court is able to enter any ruling on the pending dispositive motion. The defendants, therefore, ask that all discovery be stayed until that ruling is entered.

Another district court in this circuit has explained the standard applicable to this precise situation:

> "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10–cv–219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (Abel, M.J.) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06–cv–0549, 2008 WL 641252, at *1 (S.D. Ohio, March 4, 2008) (Kemp, M.J.). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *Id.*, at *2. *See also Ohio Bell Telephone Co.*, 2008 WL 641252, at *2 (court denied the defendants' motion to stay discovery despite their pending motion to dismiss where the issue of subject matter jurisdiction raised in the motion to dismiss was "fairly debatable," it appeared the court might be able to exercise jurisdiction over some of the plaintiff's claims, and the motion to dismiss was not filed until after the case had been pending for 13 months). *See also Williams v. New Day Farms,*

*LLC*, No. 2:10–cv–0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) (Kemp, M.J.) (the argument that a party intends to file or has filed a motion to dismiss is generally insufficient to support a stay of discovery). However, a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit, "which would be substantially vitiated absent a stay...." *Id.*

*Martin v. Mohr*, No. 1:12-CV-281, 2012 WL 5915501, at *2 (S.D. Ohio Nov. 26, 2012) (granting stay pending ruling on motion for summary judgment based on PLRA exhaustion issue). Another court has held that "a stay of discovery is appropriate and 'an eminently logical means to prevent wasting the time and effort of all concerned' until the court addresses the preliminary issue of exhaustion." *Cromer v. Braman*, No. 1:07-CV-9, 2007 WL 3346675, at *1 (W.D. Mich. Nov. 7, 2007); *see also Hoosier v. Liu*, No. 2:16-10688, 2017 WL 9473188, at *1 (E.D. Mich. Jan. 23, 2017), *report and recommendation adopted*, No. 16-10688, 2017 WL 603664 (E.D. Mich. Feb. 15, 2017), and *report and recommendation adopted sub nom. Hoosier v. Wendy Liu*, No. 16-10688, 2017 WL 2437208 (E.D. Mich. June 6, 2017) (observing that court had previously granted motion to stay discovery on all matters except exhaustion of remedies pending resolution of dispositive motion).

Because the defendants' motion for summary judgment is not fully briefed, the court is unable to evaluate its likelihood of success at this time. It is clear from the parties' submissions thus far, however, that the issue of exhaustion is vigorously contested, as is the question of which party should bear the costs of the discovery the plaintiff seeks to compel. The court finds that it would be unnecessary and ill-advised for either party to face those costs in the event that summary judgment is granted soon on an issue unrelated to the facts being discovered. A brief stay of discovery will work no significant prejudice to either party; but allowing—or, indeed, compelling—burdensome discovery in such circumstances could deprive the defendants of the PLRA's shelter against extensive litigation of unexhausted prisoner complaints.

For these reasons, the plaintiff's motion to compel (Doc. No. 34) is **DENIED** without prejudice to his ability to re-file if discovery is re-opened in this case. The defendants' motion to stay discovery (Doc. No. 40) is **GRANTED IN PART**, and all discovery in this matter is **STAYED** pending the court's ruling on the defendants' motion for summary judgment, with the exception of any discovery that is directly relevant to the issues of exhaustion and the availability of administrative remedies to the plaintiff. In the event that the court denies summary judgment, a revised scheduling order will enter.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE