UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STEPHEN HUGUELEY,   | )                    |
|---------------------|----------------------|
|     Plaintiff,      | )                    |
|                     | )  NO. 3:19-cv-00598 |
| v.                  | )  JUDGE TRAUGER     |
|                     | )                    |
| TONY PARKER, et al.,| )                    |
|                     | )                    |
|     Defendants      | )                    |

## MEMORANDUM AND ORDER

The plaintiff seeks leave of the court to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). (Doc. No. 35.) The defendants, who recently sought and obtained leave to file an amended answer to the original complaint (Doc. Nos. 30, 37, 38), oppose the plaintiff's amendment on the basis that it would be futile. (Doc. No. 39.)

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[1] "However, a motion to amend may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). On the point of futility, the United States Court of Appeals for the Sixth Circuit has explained that, "where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment." *Thiokol Corp.*

---

[1] As an initial matter, it is not entirely clear that the plaintiff needs permission from the court to file his first amended complaint, as it is his first amendment, and he submitted it within 21 days of the defendants' first amended answer. *See* Fed. R. Civ. P. 15(a)(1)(B) (authorizing one amendment as a matter of course within 21 days after service of a responsive pleading). Nevertheless, the plaintiff seeks leave pursuant to Rule 15(a)(2), so the court will apply that rule in deciding his motion.

*v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993). Whether to grant or deny an amendment under Rule 15(a) is usually a matter within the district court's discretion, but it must state a basis for any denial of such a motion. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

This case presents several factors supporting leave to amend, including the complexity of the case, appointed counsel's limited access to their client and to relevant prison records, the permission recently granted to the defendants to amend their pleading, and the lack of any indication of bad faith or intentional delay in seeking the amendment. Moreover, the plaintiff's motion was filed well before the January 29, 2020 deadline for motions to amend in this case. (Doc. No. 26.)

In their opposition to the plaintiff's motion, the defendants assert that the plaintiff's amendment would be futile due to the plaintiff's alleged failure to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. The defendants currently have a motion for summary judgment pending on that issue, to which the plaintiff's response is not yet due. (Doc. No. 31.) The defendants acknowledge that "Plaintiff will presumably respond to the summary judgment timely " but argue that the proposed amendment is currently futile because the plaintiff "at present offers only conclusory statements in support of his claim of exhaustion." (Doc. No. 39 at 2.) The defendants assert that "[s]uch conclusory statements are wholly insufficient" and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)

This argument by the defendants wholly ignores the primary holding of one of the cases they cite: "failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not

required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion is not an element of the plaintiff's causes of action and need not even be alleged in his complaint. Accordingly, whatever the plaintiff does or does not say about exhaustion in his amended complaint has no bearing on whether the amended complaint is legally futile.

The defendants also point to institutional grievance documents elsewhere in the record and assert that the "Court can—and must under the PLRA—review *de novo* the actual text" of those documents and determine whether the plaintiff satisfied the exhaustion requirement. (Doc. No. 39 at 2.) The defendants are effectively trying to litigate their summary judgment motion in the context of the plaintiff's motion to amend, without the benefit of full briefing by both parties. But the existence of a potentially meritorious affirmative defense to an amended complaint does not render an amended complaint "futile." The Sixth Circuit has explained as much in reversing the denial of a motion to amend under similar circumstances:

> In this case, Hartford argues that the district court's decision [to deny leave to amend] should be affirmed because there is evidence in the record, i.e., Rose's criminal indictment on arson charges, that shows that adding Rose's bad faith claim would have been futile. The district court, however, could not have properly considered Rose's indictment on criminal charges on a Rule 12(b)(6) motion to dismiss. Because the criminal indictment qualifies as a "matter [ ] outside the pleading," the district court would have had to treat a Rule 12(b)(6) motion and accompanying indictment as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6) (stating that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Hartford claims that Rose's proposed amendment is futile because the district court would have eventually granted summary judgment in the insurance company's favor once the district court considered the criminal indictment. **The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss.** Because the proposed bad faith claim could withstand a Rule 12(b)(6) motion to dismiss, Rose's proposed amendment was not futile. Thus, the

3

district court's abuse of discretion in this case does not amount to a harmless error.

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000) (emphasis added). Thus, it would be an abuse of the court's discretion to deny the plaintiff leave to amend based on records filed by the defendants in connection with their summary judgment motion.

The defendants do not assert that the plaintiff's amendment fails to state a plausible claim for relief and have not demonstrated that it is otherwise legally inadequate on its face. The court finds that the plaintiff's proposed amendment is timely, that the interests of justice support allowing the amendment, and that the defendants' opposition to the amendment is without merit. Accordingly, the plaintiff's motion for leave (Doc. No. 35) is **GRANTED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE