# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN HUGUELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00598 |
| v. ) | JUDGE TRAUGER |
| ) | |
| TONY PARKER, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

The defendants have filed two motions that are before the court for review. First, the defendants filed a motion to quash depositions currently scheduled for February 13, 2020, to which the plaintiff has filed an expedited response at the court's direction. (Doc. Nos. 52, 55.) That motion concerns the depositions of two Corizon Health employees who have served on the plaintiff's Unit Level Review Panels and whose recommendations to change the plaintiff's security level have been repeatedly overridden. Second, the defendants move to clarify the current schedule of this litigation or to stay their deadline to respond to the plaintiff's Amended Complaint. (Doc. No. 53.)

### I. MOTION TO QUASH

In support of their motion to quash, the defendants assert that the Corizon employee depositions do not fall within the court's narrow exception from its previous order staying discovery. (Doc. No. 52.) Specifically, the defendants assert that the Corizon employees to be deposed on that date do not have knowledge "that is directly relevant to the issues of exhaustion and the availability of administrative remedies to the plaintiff." *Id.* at 2 (quoting Doc. No. 46).)

The plaintiff responds that the defendants' motion is unfounded procedurally and substantively. He asserts that the defendants do not have standing to move to quash the depositions

of third parties. (Doc. No. 55 at 3.) He points out that the defendants' motion does not comply with Local Rule 37.01 or the court's initial case management order in this case. (*Id.* at 4.) And he asserts that he has a reasonable belief that the Corizon witnesses will provide evidence relevant to the exhaustion issue, including whether the prison's administrative remedies amount to "a dead end" for him and whether the defendants "have made it clear" that they will not release him from solitary confinement in the absence of a court order to do so. (*Id.* at 2–3.)

The plaintiff is correct on all three points. Although the plaintiff erroneously attributes the language quoted in his response on this point,[1] this court has previously explained that "[g]enerally speaking, only the party to whom the subpoena is directed has standing to oppose it. Accordingly, as a general rule, a party has no standing to seek to quash a subpoena directed to a non-party." *Carty v. Metro. Life Ins. Co.*, No. 3:15-cv-01186, 2018 WL 3861827, at *3 (M.D. Tenn. Aug. 14, 2018) (Trauger, J.) (internal punctuation and citations omitted); *see also Whitaker v. ABF Freight System, Inc.*, No. 1:17-cv-206, 2019 WL 1966122, at *1 (W.D. Ky. Feb. 2, 2019) ("Typically, a party does not have standing to quash or object to a Rule 45 subpoena served on a non-party, unless the party claims a privilege or other personal right regarding the requested documents."); *In re Romani*, No. 18-cv-11375, 2019 WL 4877574, at *2 (E.D. Mich. Feb. 25, 2019) ("[S]everal courts within this district have held that a party does not typically have standing to quash a subpoena directed to a non-party."). To have standing to quash a subpoena issued to a non-party, a party must demonstrate a personal interest or privilege in the evidence. *Carty*, 2018 WL 3861827, at *3. Courts have recognized such an interest "with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records." *Id.* (quoting *Waite, Schneider,*

---

[1] The opinion in *Scepter, Inc. v. Alcan Rolled Products-Ravenswood, LLC.*, No. 3:09-0192, 2009 WL 5170202 (M.D. Tenn. Dec. 15, 2009), does not contain the quotation for which it is first cited in the plaintiff's response (Doc. No. 55 at 3) or otherwise address standing to quash a deposition.

*Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013)). The defendants have not offered any such basis for standing in this case.

The court does, of course, have "broad discretion" to narrow and dictate the sequence of discovery pursuant to Fed. R. Civ. P. 26. *Goad v. Mitchell*, 297 F.3d 497, 505 n.7 (6th Cir. 2002) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998)). But this court also has a Local Rule requiring that any discovery motion be accompanied by a joint statement of the parties detailing their good faith effort to resolve the dispute, L.R. 37.01, and a standing case management order in this case providing that "[n]o motions concerning discovery are to be filed" until the parties schedule and participate in a conference call with the court. (Doc. No. 18 at 3.) The defendants' pending motion does not comply with either of those requirements.

And finally, the court credits the assertion by the plaintiff's counsel that he reasonably believes the witnesses in question have knowledge relevant to whether administrative remedies are effectively unavailable to the plaintiff as defined by *Ross v. Blake*, 136 S. Ct. 1850 (2016). *Ross* provides that remedies are not "available," and thus need not be exhausted by a prisoner-plaintiff, in at least three circumstances: (1) where the administrative procedure is "a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the procedure is so confusing that "no ordinary prisoner can discern or navigate it"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.[2] The defendants suggest that only "employees directly tasked with grievance board duties" have information relevant to

---

[2] The court notes that the defendants' quotation summarizing this standard, which they advertise as "the Supreme Court's holding . . . in which the Court noted," etc. (Doc. No. 52 at 4), is in fact from the syllabus preceding the opinion, which is drafted by the Reporter of Decisions and "constitutes no part of the opinion of the Court." *Id.* at 1852 n.*. As with the plaintiff's erroneous citation, however, the defendants' error does not substantively misstate the law.

that test. (Doc. No. 52 at 4.) But while those employees might indeed have relevant information, they can hardly be expected to acknowledge that the procedures they enforce constitute a dead end, are too confusing to be useful, or that administrators thwart inmates from using them. It is reasonably plausible that Corizon employees who have played a role in the plaintiff's regular placement reviews might have some knowledge about whether any administrative remedy from the outcome of those reviews is available to him.

In addition to seeking to quash the Corizon employee depositions, the defendants ask that "the exhaustion depositions in this case . . . be limited to a reasonable number" and that all such depositions be limited to one day and conducted at Riverbend Maximum Security Institution. (Doc. No. 52 at 4–6.) But they do not say what they believe is a "reasonable number" of depositions or articulate any reason for the court to arbitrarily limit the plaintiff's discovery, so long as it complies with the court's order staying all but a narrow category of discovery. They argue that requiring Defendants Mays and Keys to leave the prison to be deposed "is a significant and unnecessary burden to prison operations," but they acknowledge that the depositions are expected to be "short in duration." (*Id.* at 5.) Moreover, the plaintiff responds that Riverbend is not a convenient location for everyone due to "the difficulties of clearing security at Riverbend for counsel and his paralegal, a court reporter, videographer, [and] the necessary files," and that counsel's office is "minutes away" from Riverbend and provides free parking. (Doc. No. 55 at 7.) The defendants' conclusory assertion of a "significant and unnecessary burden" is not sufficient to establish the sort of "annoyance, embarrassment, oppression, or undue burden or expense" that would warrant a protective order changing the timing or location of the scheduled depositions. *See* Fed. R. Civ. P. 26(c)(1).

For all of these reasons, the defendants' motion to quash (Doc. No. 52) is **DENIED**.

## II.     MOTION TO CLARIFY

The defendants' second motion essentially seeks an order to the effect that they are not required to respond to the plaintiff's Amended Complaint pending a ruling on their previously-filed motion for summary judgment on the exhaustion issue. (Doc. No. 53.)

Ordinarily, the filing of an amended complaint renders any pending dispositive motion moot. *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's Amended Complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot."). There are circumstances, however, when an Amended Complaint "only addresses a discrete issue," does not address the issues raised in the dispositive motion, or otherwise does not alter the analysis required by the motion, such that the pending motion does not become moot. *Mandali v. Clark*, No. 2:13-CV-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014).

The defendants assert that this case presents such a circumstance, because the Amended Complaint is "similarly barred for failure to exhaust grievances"—the same defense raised by their pending motion. (Doc. No. 53 at 1.) If the defendants believe that their pending motion adequately encompasses the Amended Complaint and choose to rely on their pending motion rather than file a new one, the court will not require them to respond to the Amended Complaint at this time. Accordingly, the defendants' motion to clarify (Doc. No. 53) is **GRANTED**, and no response will be required to the plaintiff's Amended Complaint pending further order by the court.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE