# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN HUGUELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00598 |
| v. ) | JUDGE TRAUGER |
| ) | |
| TONY PARKER, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM

The plaintiff's First Amended Complaint asserts four counts in connection with his prolonged confinement in isolation on death row: Count 1—Cruel and Unusual Punishment; Count 2—Fourteenth Amendment Due Process Violation; Count 3—Fourteenth Amendment Equal Protection Violation; and Count 4—Violation of the Americans With Disabilities Act. (Doc. No. 48 at 16–26.) His entire prayer for relief is as follows:

> WHEREFORE, Plaintiff requests that this Court grant him the following relief:
>
> a. Declare that Defendants' policies and practices of committing Plaintiff to prolonged and indefinite solitary confinement under the conditions set forth in this Complaint violates the Eighth and Fourteenth Amendments to the United States Constitution;
>
> b. Issue injunctive relief ordering Defendants to present a plan to the Court within 30 days of the issuance of the Court's order providing for:
>
>> i. alleviation of the conditions of Plaintiff's confinement so that, for example, Plaintiff is allowed contact visitation with family, friends and legal counsel; family and friends can purchase food from vending machines at prison and provide Mr. Hugueley with stamps for mailing letters like other death row visitors; Plaintiff can receive approved packages and approved arts and crafts; and Plaintiff is no longer incarcerated under conditions of isolation, sensory deprivation, environmental deprivation, and lack of social and physical human contact;
>>
>> ii. meaningful review and rights to appeal decisions regarding the continued need for Plaintiff's solitary confinement within 45 days of the date of the Court's order;

> iii. meaningful review of Plaintiff's confinement level in the future; and
>
> iv. adequate medical care to the Plaintiff to provide relief from chronic pain, treatment of his healthcare issues and the provision of adequate mental health treatment.
>
> c. Exercise the Court's discretion to provide funds, either through the funds available to this Court or through coordination with the Federal Public Defender's Office for the Middle District of Tennessee, so that Mr. Hugueley can engage appropriate experts, including a psychiatrist and physician;
>
> d. Award Plaintiff monetary damages that are incidental to and/or intertwined with injunctive relief and may be considered equitable in nature;
>
> e. Award the costs of this suit and reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988, and other applicable law;
>
> f. Retain jurisdiction of this case until Defendants have fully complied with the orders of this Court; and
>
> g. Award such other and further relief as the Court deems just and proper.

(*Id.* at 26–27.) The plaintiff's request for compensatory and punitive damages in his original Complaint (Doc. No. 1 at 19) is thus absent from his First Amended Complaint.

The defendants included a demand for trial by jury in their Answer to First Amended Complaint. (Doc. No. 78 at 1, 12.) The plaintiff moves to strike the defendants' jury demand. (Doc. No. 86.) For the reasons explained below, the court will grant the plaintiff's motion.

## I. APPLICABLE LAW

The Seventh Amendment to the United States Constitution preserves the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." The United States Supreme Court instructs that "the phrase 'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered'" and that the right to a jury in such suits "extends to causes of action created by Congress." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–65 (1990) (quoting *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830)). To determine whether an action is one

2

that triggers the right to a jury, courts "examine both the nature of the issues involved and the remedy sought," with the remedy being "the more important in [the] analysis." *Id.* at 565; *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) ("The second stage of this analysis is more important than the first."); *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996) ("The second inquiry is more important.").

With regard to the nature of the claim, "statutory claims unknown to the common law" are considered suits at law for Seventh Amendment purposes "so long as the claims can be said to 'soun[d] basically in tort.'" *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) (quoting *Curtis v. Loether*, 415 U.S. 189, 195 (1974)).

On the more important remedy prong, there is a "'general rule' that monetary relief is legal," and "[d]amages for a constitutional violation are a legal remedy." *Id.* at 710. Generally speaking, "money damages . . . are the type of relief traditionally awarded by courts of law," but "a monetary award 'incidental to or intertwined with injunctive relief' may be equitable." *Teamsters*, 494 U.S. at 571, 573 (quoting *Tull v. United States*, 481 U.S. 412, 424 (1987)). "It is settled law that the Seventh Amendment does not apply" to "suits seeking only injunctive relief." *City of Monterey*, 526 U.S. at 719.

**II.    ANALYSIS**

The plaintiff implicitly acknowledges that his causes of action are legal in nature and argues that "Defendants' entitlement to a jury trial in this case hinges upon inquiry two and the nature of the remedies sought." (Doc. No. 86 at 3.) Indeed, as the defendants assert, case law supports the assumption that the nature of the plaintiff's claims is legal. *See*, *e.g.*, *City of Monterey*, 526 U.S. at 709 (stating that "there can be no doubt that claims brought pursuant to § 1983 sound in tort"); *Matthews v. Jefferson*, 29 F. Supp. 2d 525, 537 (W.D. Ark. 1998) (summarizing precedent

3

and observing parties' agreement that lawsuit raising claims under the Rehabilitation Act and Americans With Disabilities Act are "appropriately characterized as a tort action" for Seventh Amendment purposes). The determination that a cause of action is legal in nature, however, is not dispositive and can be outweighed by the "more important" fact that the relief sought is equitable. *Golden*, 73 F.3d at 659–62 (finding that plaintiffs' claim was analogous to breach of contract but that they had no right to jury trial because they essentially sought the equitable remedy of specific performance). Accordingly, the court's inquiry does indeed turn on the nature of the relief the plaintiff seeks. *See City of Monterey*, 526 U.S. at 709 ("We hold that a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment."); *Matthews*, 29 F. Supp. 2d at 537 ("We therefore hold that a jury trial is available in Title II and § 504 cases where the plaintiff . . . seeks legal relief in the form of monetary damages."); *cf. Wilson v. Bailey*, 934 F.2d 301, 305 n.4 (11th Cir. 1991) (observing that "section 1983 injunctive and declaratory relief is not triable by jury").

The plaintiff argues that the defendants are not entitled to a jury trial because he seeks only declaratory and injunctive relief and other "relief that is incidental to, intertwined with and/or necessary to obtain and enforce the equitable remedies sought." (Doc. No. 86 at 4.) He has thus expressly limited his demand for monetary relief to the type the Sixth Circuit has held does not trigger a Seventh Amendment right to jury when combined with equitable relief. *Golden*, 73 F.3d at 660–61. In *Golden*, the Sixth Circuit observed that "[i]t is well-settled that equitable relief includes monetary damages where required to afford complete relief." *Id.* at 661. Accordingly, even though the plaintiffs' claim in *Golden* was "analogous to a breach of contract action," and thus legal in nature, the specific performance they sought was equitable relief and did not entitle them to a jury even though specific performance of the contract would include monetary payment.

4

*Id.* at 660–62. The Sixth Circuit explained that it was "clear then that this particular case claiming a breach of a CBA is an equitable one, because, unlike in many contract actions, the plaintiffs seek equitable relief to which the monetary relief is only incidental." *Id.* at 662; *see also McFerren v. Cnty. Bd. of Educ. of Fayette Cnty., Tenn.*, 455 F.2d 199, 202–04 (6th Cir. 1972) (finding no right to jury where demand for back pay was incidental to equitable claim for reinstatement).

When a plaintiff seeks significant monetary sums intended to make them whole from an injury, it can be difficult to determine whether the relief sought is legal or equitable. *Compare Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 475–79 (1962) (holding that defendant was entitled to a jury in action seeking an accounting and money owed for breach of contract and trademark infringement), *with Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (holding that claim for disgorgement of profits in trademark action is equitable and does not entitle party to a jury trial). Here, however, the plaintiff does not demand money as compensation for any past injury. Rather, the plaintiff asks for the expenditures necessarily incurred to make him whole through the equitable relief that is the heart of his case. The money plaintiff seeks to recover from the defendants includes, for example, the cost of "experts required to establish essential elements of his Eighth and Fourteenth Amendment claims and obtain injunctive relief." (Doc. No. 86 at 4.) He also demands other litigation expenses and attorney fees recoverable under 42 U.S.C. § 1988. (Doc. No. 48 at 27.)

The defendants argue that such relief would constitute legal remedies entitling them to a jury trial. (Doc. No. 90 at 5–6.) The plaintiff replies that because such fees and costs can only be awarded to a prevailing party, they would necessarily be incidental to any equitable relief he obtains. (Doc. No. 91 at 3.) Neither party cites any precedent on the question of whether recovery of fees and costs constitutes a legal or equitable remedy. But Section 1988 leaves the power to

5

award attorney and expert fees to "the court, in its discretion," not to a jury. 42 U.S.C. § 1988 (b), (c). It stands to reason, therefore, that such relief does not trigger a right to a jury under the Seventh Amendment if the plaintiff's claim does not otherwise require a jury. *See Kelly Servs., Inc. v. De Steno*, 760 F. App'x 379, 386 (6th Cir. 2019), *cert. denied*, 139 S. Ct. 2699 (2019) (rejecting claim that Seventh Amendment entitled defendants to a jury determination of attorney fees recoverable pursuant to contract). Moreover, any money recovered pursuant to Section 1988 is more properly considered as costs incidental to obtaining the primary relief, rather than legal damages. *See Hanrahan v. Mohr*, No. 2:13-CV-1212, 2017 WL 4221458, at *8 (S.D. Ohio Sept. 21, 2017) (granting motion to strike defendants' jury demand by prisoner-plaintiff who sought declaratory and injunctive relief and fees pursuant to Section 1988).

The Southern District of Florida's analysis of this issue is instructive. There, the court granted a motion to strike a defendant's jury demand where the plaintiff sought "fees and costs" in addition to injunctive relief. *Boston Scientific Corp. v. Ruiz*, No. 05-21270, 2005 WL 8155008, at *1 (S.D. Fla. July 18, 2005). The court explained that the right to a jury in connection with the recovery of fees was "limited to claims for which attorney's fees pertain to the merits of the action (e.g., the measure of damages)—not, as here, where they are simply a post-judgment award to the prevailing party." *Id.* at *2. Because the fees sought in that case were merely "incidental" to the underlying cause of action and would be "collaterally determined by the judge only after liability is established," they did not trigger the defendant's right to a jury under the Seventh Amendment. *Id.* The court finds the same to be true about the fees and expenses the plaintiff seeks in this case. Accordingly, the court is not persuaded by the defendants' argument on this point.

The defendants also argue that by deleting his original demand for compensatory and punitive damages and replacing it with a demand for incidental money damages, the plaintiff

6

"attempts to create a loophole to the Seventh Amendment whereby a litigant can recover monetary damages . . . without affording Defendants their constitutional right to a jury." (Doc. No. 90 at 6.) But, as the plaintiff points out in his Reply, his Amended Complaint expressly limits the monetary damages sought to those that are "equitable in nature." (Doc. No. 91 at 4; Doc. No. 27.) The defendants do not explain how limiting the relief sought to that which does not implicate the Seventh Amendment constitutes any "loophole" or why the plaintiff's seeking <u>less</u> relief in his Amended Complaint than in his original Complaint is unfair or otherwise impermissible. The defendants insinuate that there is something inherently unfair about changed circumstances' depriving them of a right to a jury. The dismissal of all legal claims, however, is a valid basis for striking a jury demand. *See Kermode v. Univ. of Miss. Med. Ctr.*, No. 3:09-cv-584, 2013 WL 12221357 (S.D. Miss. Mar. 6, 2013) (granting motion to strike plaintiff's jury demand after dismissal of legal claims where only claim for injunctive relief remained).

And finally, the defendants argue that the mere availability of monetary damages under the plaintiff's causes of action and his request for "broad relief" dictate that he seeks legal relief entitling them to a jury under the Seventh Amendment. (Doc. No. 90 at 3–4). But the possibility that legal damages would be available or appropriate does not trigger a right to a jury trial where the plaintiff does not seek such damages. *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 292–93 (N.D. Cal. 2015). Accordingly, the viability of the defendants' jury demand depends on the effect of the plaintiff's request for "such other and further relief as the Court deems just and proper."

To support their argument that the plaintiff's request seeks legal relief, the defendants rely primarily on the Fourth Circuit's decision in *Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823 (4th Cir. 1994). In *Pandazides*, the plaintiff pursued a cause of action for which monetary damages were

7

available and asked for "all other permissible damages against Defendant." *Id.* at 832 (emphasis added). The Fourth Circuit determined that the complaint thus demanded legal damages, "[g]iven this broad request, and the broad availability of damages." *Id.* In contrast, the plaintiff here does not seek all "permissible damages"; he expressly seeks only such damages that can be deemed equitable. The court does not find his later request for other relief "as the Court deems just and proper" to lift the express limitation of the former, more specific demand.

Another district court has similarly found no Seventh Amendment right to a jury where the complaint sought declaratory and injunctive relief but also demanded nominal damages, costs and attorney fees, and "such other and further relief to which plaintiff may be entitled." *Phelps-Roper v. Nixon*, No. 06-4156, 2010 WL 11618547, at *1–2 (W.D. Mo. May 28, 2010) (going on to observe that "plaintiff specifically disavows claims to monetary damages"). Other courts have found that a demand for equitable relief coupled with a broad request for "such other and further relief as the Court deems just and equitable" did not constitute a request for legal remedies entitling the parties to a jury. *See Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1161 (10th Cir. 1998); *Spicuzza v. Ace Hardware Corp.*, No. C 82-1, 1986 WL 20578, at *3 (N.D. Ohio Jan. 15, 1986) (finding the argument that such a prayer sought legal remedies "to be without merit and legal support"). This court agrees. The Seventh Amendment does not provide the defendants a right to a jury to hear this case.

In their Response, the defendants ask in the alternative that the court "order Plaintiff to specify what monetary damages he is seeking and to explain how these damages are incidental to or intertwined with injunctive relief." (Doc. No. 90 at 4.) Granting the defendants' request would put the cart before the horse. Litigation in this case continues, and it is currently unknown whether the plaintiff will prevail and be entitled to any equitable relief, much less what that relief might

8

entail. It is unknown, for example, what types of expenses the plaintiff might reasonably incur in seeking the injunction he demands. Absent further amendment of the pleadings, any monetary relief awarded to the plaintiff will be limited by his request for such relief that is "incidental to and/or intertwined with injunctive relief and may be considered equitable in nature," (Doc. No. 48 at 27), but whether a particular item falls into that category is an issue that can only be determined once the case is at an end and the incidentals are known.

### III.　CONCLUSION

For the foregoing reasons, the plaintiff's Motion to Strike will be granted.

An appropriate order shall enter.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　ALETA A. TRAUGER
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

9

Case 3:19-cv-00598　Document 106　Filed 03/01/21　Page 9 of 9 PageID #: 2094